IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Julie A. Burnett<br>_Debtor_ | CHAPTER 13 |
| U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank, National Association as Trustee for EMC Mortgage Loan Trust 2003-A, Mortgage Pass-Through Certificates, Series 2003-A<br>_Movant_<br>vs.<br>Julie A. Burnett<br>_Debtor_<br>Frederick L. Reigle, Esq.<br>_Trustee_ | NO. 15-14866 SR<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is $693.38, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2016 through January 2017 at $296.69 each |
| Post-Petition Suspense: | ($196.69) |
| **Total Post-Petition Arrears** | **$693.38** |

2. The Debtor shall cure said arrearages in the following manner;

   a). Debtor is to cure all post-petition arrears to Movant in the amount of $693.38 within 30 days of the filing of the within Stipulation.

   b). Beginning February 1, 2017, Debtor is to resume the present regular monthly payment of $296.69 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address below;

   JPMorgan Chase Bank, N.A., 3415 Vision Drive, Mail Code: OH4-7142, Columbus, OH 43219.

   c). Maintenance of current monthly mortgage payments to Movant thereafter.

3.  Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.  If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 7, 2017            By:    Brian C. Nicholas, Esquire
                                        Brian C. Nicholas, Esquire
                                        Attorney for Movant
                                        KML Law Group, P.C.
                                        Main Number: (215) 627-1322

Date: 1/31/2017

                                        David M. Offen Esq.
                                        Attorney for Debtor

Date: 2/3/17

                                        Frederick L. Reigle, Esquire
                                        Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

                                        _____
                                        Bankruptcy Judge
                                        Stephen Raslavich