United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 15-14866-sr
Julie A. Burnett                                                       Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Feb 11, 2017
                      Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 12, 2017.
db              +Julie A. Burnett,    2555 N. Cleveland Street,    Philadelphia, PA 19132-3820

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 12, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 10, 2017 at the address(es) listed below:
        BRIAN CRAIG NICHOLAS    on behalf of Creditor    U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank, National Association as Trustee for EMC Mor bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
        DAVID M. OFFEN    on behalf of Debtor Julie A. Burnett dmo160west@gmail.com, davidoffenecf@gmail.com
        FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
        JOSHUA ISAAC GOLDMAN    on behalf of Creditor    U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank, National Association as Trustee for EMC Mor bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
        POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
        THOMAS I. PULEO    on behalf of Creditor    U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank, National Association as Trustee for EMC Mor tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                        TOTAL: 7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Julie A. Burnett<br>_Debtor_ | CHAPTER 13 |
| U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank, National Association as Trustee for EMC Mortgage Loan Trust 2003-A, Mortgage Pass-Through Certificates, Series 2003-A<br>_Movant_<br>vs.<br>Julie A. Burnett<br>_Debtor_<br>Frederick L. Reigle, Esq.<br>_Trustee_ | NO. 15-14866 SR<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is $693.38, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2016 through January 2017 at $296.69 each |
| Post-Petition Suspense: | ($196.69) |
| **Total Post-Petition Arrears** | $693.38 |

2. The Debtor shall cure said arrearages in the following manner;

a). Debtor is to cure all post-petition arrears to Movant in the amount of $693.38 within 30 days of the filing of the within Stipulation.

b). Beginning February 1, 2017, Debtor is to resume the present regular monthly payment of $296.69 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address below;

JPMorgan Chase Bank, N.A., 3415 Vision Drive, Mail Code: OH4-7142, Columbus, OH 43219.

c). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 7, 2017      By:   Brian C. Nicholas, Esquire
                                 Brian C. Nicholas, Esquire
                                 Attorney for Movant
                                 KML Law Group, P.C.
                                 Main Number: (215) 627-1322

Date: 1/3/2017

David M. Offen Esq.
Attorney for Debtor

Date: 2/3/17

Frederick L. Reigle, Esquire
Chapter 13 Trustee

Approved by the Court this 9th day of February, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Stephen Raslavich